By the Court,
Bronson, J.
These motions turn mainly upon the question whether the debtor has been regular in his proceedings in relation to bail upon the writ of certiorari. The statute provides that, upon filing the writ and bond, all further proceedings.upon the warrant shall be suspended until the final decision of the court of review. (2 R. S. 604, § 75.) But we must look at the 74th section for the purpose of ascertaining what bond is to be given, and how it is to be approved. That section provides, that where the writ of error or certiorari is brought by the debtor, “ it shall not be effectual unless accompanied.by a bond, with sureties, to the attaching creditors, to be approved in the same manner, in the like penalty, and with the same condition as prescribed in the case of a writ of error not intended to stay proceedings on a judgment.” The li prescribed manner” in which the bond here referred to is “ to be approved,” is pointed out by the 34th and 35th sections oi the same title. (Id. 597.) The party prosecuting the writ, within ten days after the filing thereof, is to give notice of the names, additions and places of residence of the sureties in the bond, and the other party then has twenty days to except to the sureties. Within ten days after notice of the exception, the sureties,- or new sureties in their place, must justify by affidavit, and a copy of the affidavit must be served on the attorney for the defendant in error. This is the only prescribed mode of approving the bond. In .this case the debtor wholly omitted to give notice of the names, additions &c. of the sureties; (Fleet v. Youngs, 11 Wend. 526 ;) and when the *33 creditors—although they were not obliged to do so without notice—excepted to the sureties, no justification followed. The debtor failed to have the bond “ approved” in the proper man ner, and the statute declares that without such approval the writ “ shall not be effectual.” (§ 74.) There was, therefore, no stay of proceedings.
There is no necessary repugnancy between the 74th and 75th sections. On filing the writ and bond, in the proper form, the proceedings on the warrant are immediately suspended. But the debtor must take the proper steps to have the bond approved, or the writ will cease to operate as a stay, and the creditors may proceed.
It is said that the writ will not cease to operate until it has been superseded. (2 R. S. 598, § 36; Fleet v. Youngs, 11 Wend. 526.) But this provision relates to the ordinary writ of error. When we come to a writ of error or certiorari in the case of an absconding debtor, the statute specially provides that, without the proper bond, the writ “ shall not be effectual and it cannot be necessary to have it superseded before the creditors are at liberty to proceed.
It is also said that, as the sureties made the proper affidavit at the time the bond was given, no subsequent justification was necessary. But no copy of the affidavit was ever served, and that is expressly required by the statute. And besides, when the statute declares that the creditor shall have twenty days after notice to except to the sureties, and that the sureties shall justify within ten days after notice of the exception, I am-not' prepared to admit that the provision can be satisfied by an ex <parte justification before hand. It may be that these sureties could not have justified after the exception was taken ; or, if there had been" no change in their circumstances, it is quite possible that, after learning that their sufficiency had been questioned, they would not again have made the necessary affidavit. There is much reason upon the papers for believing that they were not good bail.
I think the creditors were at liberty to proceed, and that the *34 circuit judge was right in appointing trustees. Of course the motion to set aside the appointment, and for an attachment against Mr. Smith, must be denied.
As to the other motion, Mr. Judah must unite with Mr. Smith in placing the $650 deposited' to their joint credit in the Bank of New-York at the disposition of the trustees for the benefit of the creditors
Ordered accordingly.